UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION


M.T. and RT, individually and on behalf of )
their minor child, D.T.,                          )
                                                          )
                  Plaintiffs,                        )
                                                          )                    1:09-cv-1383- SEB-DML
            vs.                                        )
                                                          )
UNION COUNTY COLLEGE CORNER        )
JOINT SCHOOL DISTRICT, et. al,           )
                                                          )
                  Defendants.                      )


**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT**
(Docket No. 36)

This cause is before the Court on Defendants' Motion to Dismiss Amended

Complaint [Docket No. 36], filed on May 18, 2010, pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  A dispute has arisen out of D.T.'s enrollment at

Liberty Elementary School in Union County, Indiana.  D.T.'s parents, who are the

plaintiffs in this action, have brought federal claims pursuant to 42 U.S.C. § 1983, the

Americans with Disabilities Act, and the Rehabilitation Act, as well as various state law

claims brought pursuant to Indiana law, alleging that Defendants are liable for knowingly

and intentionally allowing D.T., a child with special needs who is unable to stand up by

himself, to drop to his knees on several occasions when he was trying to use the restroom,

causing him pain and suffering and jeopardizing his health.  For the reasons detailed in

this entry, we <u>GRANT IN PART</u> and <u>DENY IN PART</u> Defendants' Motion to Dismiss.[1]

<h2 style="text-align:center"><u>Factual Background</u></h2>

At all times relevant to this litigation, D.T. was a student enrolled at Liberty Elementary School ("Liberty Elementary"), a public school that is part of the Union County College Corner Joint School District ("the School District") in Union County, Indiana.  Am. Compl. ¶¶ 4-6.  While attending Liberty Elementary, D.T. received special education services through East Central Special Services ("East Central"), which maintained its principal office in Union County.  <u>Id.</u> ¶¶ 10-11.  Defendant Liza Bates served as the Director of East Central and was responsible for the supervision and administration of special education services at Liberty Elementary as well as the training of teachers regarding discipline, safety, and supervision of students.  <u>Id.</u> ¶¶ 26-27.

During the relevant time period, Defendant Kathy Sourbeer, the principal of Liberty Elementary, was responsible for the training of the school's teachers regarding the education, discipline, safety, and supervision of the students and was also in charge of the management and operation of the school's educational and disciplinary programs.  <u>Id.</u> ¶¶ 8, 12. Defendant Elizabeth May was D.T.'s classroom teacher at Liberty Elementary, and Defendants Tracy Havens and Stacey Horn were employed as D.T.'s aides in Ms. May's classroom.  <u>Id.</u> ¶¶ 14, 20, 23.

---

[1] Two defendants discussed in the parties' briefing on the instant motion, Mike Murray and Karen Sustarcic, have both since been dismissed by stipulation of the parties.  <u>See</u> Docket No. 43.  Accordingly, we do not address the parties' arguments regarding these individuals in this entry.

D.T., who was five years old and in kindergarten during the relevant time period,

suffers from periventricular leukomalacia cerebral palsy and epilepsy in addition to

having a cognitive disability.[2]  Cerebral palsy is characterized by an inability to fully

control motor function, particularly muscle control and coordination.  As a result of his

medical conditions, D.T. has limited mobility, and thus, in May 2008, he underwent a

surgical procedure known as a dorsal rhizotomy in order to improve his ambulation,

muscle control, and coordination.  The procedure required hospitalization, extensive

follow-up, rehabilitation, and recovery.  Id. ¶¶ 32-34.

On March 3, 2008, approximately two months before the surgery was scheduled to

occur, at the request of D.T.'s parents, a meeting was convened with administrators,

teachers, employees, and representatives of Liberty Elementary, East Central, and the

School District to discuss the upcoming surgery.  Following that meeting, D.T.'s parents

reminded Liberty Elementary that D.T. would be having surgery, why that surgery was

required, and that there would be a long recovery time following the surgery.  Id. ¶ 40.

Certain case conference notes, written in May 2008 before the surgery occurred by

employees of Liberty Elementary noted that following the surgery there would be

"concerns for falling" and that D.T. would "need[] help toileting."  Id. ¶ 45.

On May 12, 2008, D.T. underwent the surgery.  Immediately following the

surgery, D.T. was as expected unable to stand without assistance and needed to be

_____

[2] D.T.'s cognitive level is in the moderately mentally challenged range.  Am. Compl. ¶ 53.

supported either by another person or his walker. Without support, D.T.'s knees would buckle without warning, often causing him to fall. Id. ¶¶ 36-39. However, over the summer of 2008, D.T. improved to a point where he began to walk while being supervised and directly assisted by a physical therapist. Id. ¶¶ 46-47.

On August 27, 2008, D.T.'s parents convened another meeting with Liberty Elementary administrators, teachers, and staff, during which they discussed D.T.'s educational needs and medical condition. At that meeting, R.T. and M.T. described D.T.'s spinal surgery and stated that D.T. needed to be either in a wheelchair, his walker, or directly supported by another person at all times. Id. ¶¶ 48-50.

D.T. returned to school in August 2008. Plaintiffs allege that, on September 11, 2008, either Ms. Havens, Ms. Horn, or Ms. May allowed D.T. to drop to his knees on at least three occasions while he was attempting to go to the restroom at Liberty Elementary. Id. ¶¶ 55, 77. The next day, on September 12, 2008, D.T. again was allegedly allowed by Ms. Havens to drop to his knees on several occasions while he was attempting to go to the restroom. Plaintiffs claim that either Ms. Havens or Ms. Horn gave D.T. as a consequence a time-out for dropping to his knees because Ms. Havens believed he was going to hurt himself. Id. ¶¶ 56-57, 78.

Plaintiffs allege that, on September 17, 2008, Ms. Havens and Ms. Horn again allowed D.T. to drop to the floor on at least three separate occasions while going to the restroom at school. Id. ¶¶ 59, 80. According to Plaintiffs, that same day, D.T. "yelled out" at the school, and either Ms. Havens or Ms. Horn punished him by placing him by

4

himself in his wheelchair in the hallway.  Id. ¶¶ 60-61, 80-82.  Again, the next day,

September 18, 2008, Ms. Havens and Ms. Horn allowed D.T. to drop to the floor on at

least two separate occasions, and on one of those occasions told him that he would have

to remain on the floor until he could do the "right thing"; the second time they told him

that he would have to pull himself up to a standing position by utilizing the toilet for

support.  Id. ¶¶ 63-65, 83-85.  On September 19, 2008, Ms. Havens and Ms. Horn again

allegedly allowed D.T. to fall to his knees at least once while he was in school at Liberty

Elementary.  On October 1, 2008, D.T. allegedly was sent to the hallway to sit by himself.

Id. ¶¶ 66-67, 86.  Plaintiffs allege that as a direct result of being repeatedly allowed by

Defendants to drop to his knees and/or fall to the floor and being required to pull himself

up, D.T. sustained personal injuries and suffered emotional distress.  Id. ¶ 68.

In their Amended Complaint, Plaintiffs claim that the actions of Ms. May, Ms.

Haven, and Ms. Horn were all taken with the approval and acquiescence of Ms. Sourbeer

and that Sourbeer failed to properly train, discipline, and supervise them.  Plaintiffs

further allege that Ms. Bates and Ms. Sourbeer knew about the improper conduct of the

teachers and the aides but either facilitated, approved, condoned, or deliberately ignored

it.  Id. ¶¶ 87-88.

## Legal Analysis

### I.    Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Aschcroft

v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice" to withstand the requirements of Federal

Rules of Civil Procedure 8 and 12(b)(6).  Id.  "[A]t some point, the factual detail in a

complaint may be so sketchy that the complaint does not provide the type of notice of the

claim to which the defendant is entitled under Rule 8."[3]  Killingsworth v. HSBC Bank

Nevada, N.A., 507 F.3d 614, 619 (7th Cir. 2007) (quoting Airborne Beepers & Video,

Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007)) (internal quotations

omitted)).

A party moving to dismiss nonetheless bears a weighty burden.  "[O]nce a claim

has been stated adequately, it may be supported by showing any set of facts consistent

with the allegations in the complaint."  Twombly, 550 U.S. at 563 (citing Sanjuan v.

American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("[At

the pleading stage] the plaintiff receives the benefit of imagination, so long as the

hypotheses are consistent with the complaint.")).  In addressing a Rule 12(b)(6) motion,

we treat all well-pleaded factual allegations as true, and we construe all inferences that

reasonably may be drawn from those facts in the light most favorable to the non-movant.

Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246

---

[3] Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a). Under Seventh Circuit law, the statement must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Hillingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007) (internal citations omitted).

F.3d 1065, 1067 (7th Cir. 2001).

## II.     Discussion

### A.     Claims Against Liberty Elementary

Defendants argue that Plaintiffs' claims against Liberty Elementary School must be dismissed because it is merely a department within the School District and not a separate entity subject to suit.  Although "Liberty Elementary School" was not named as a defendant in the Amended Complaint, in their initial brief in support of their motion to dismiss, Defendants argued that it was unclear from the allegations contained therein whether that omission was unintentional and whether Plaintiffs were nevertheless attempting to assert claims against it.  In their response to the instant motion, Plaintiffs have made it clear that they do not intend to assert any claim against Liberty Elementary, and thus, we <u>DENY AS MOOT</u> Defendants' Motion to Dismiss as to this non-party.

### B.     Official Capacity Claims Against Individual Defendants

Defendants argue that Plaintiffs' "official capacity" claims against Kathy Sourbeer, Elizabeth May, Tracy Havens, Stacey Horn, and Liza Bates must be dismissed as duplicative of Plaintiffs' claims against the Union County College Corner Joint School District.  It is well-established under Seventh Circuit law that "[w]hen a plaintiff sues an individual officer in his official capacity, the suit is treated as if the plaintiff had sued the municipality itself."  <u>See</u> <u>Pourghoraishi v. Flying J, Inc.</u>, 449 F.3d 751, 765 (7th Cir. 2006) (citations omitted).   Both the caption and the body of the Amended Complaint make perfectly clear that Sourbeer, May, Havens, Horn, and Bates have been sued in their

"individual" capacities only.  See Am. Compl. at caption and ¶¶ 13, 15, 18, 21, 24, 28, and 72.  However, to the extent that Plaintiffs may be attempting to assert "official capacity" claims against any of the individual Defendants, because any such claims would be duplicative of Plaintiffs' claims against the School District, we GRANT Defendants' Motion to Dismiss as to official capacity claims.

C.      Individual Capacity Claims Against Defendants Bates and Sourbeer Brought Pursuant to Section 1983

Plaintiffs allege that D.H.'s substantive due process rights under the Fourteenth Amendment to the United States Constitution were violated as a result of Defendants May, Havens, and Horn knowingly and intentionally allowing him to drop to his knees on several occasions when he was trying to use the bathroom.  Plaintiffs do not allege that either Ms. Bates or Ms. Sourbeer had any direct involvement in the alleged actions causing the constitutional deprivation at issue, rather that their non-action provides a basis for supervisor liability.  Defendants contend that the claims against Ms. Bates and Ms. Sourbeer in their individual capacities brought pursuant to § 1983 must be dismissed because the allegations contained in the Amended Complaint are insufficient to provide notice as to the individual acts for which Plaintiffs seek to make them liable. Additionally, Defendants contend that the claim against Ms. Bates should be dismissed because there is no basis for supervisor liability as she was an employee of East Central, not the School District, and thus had no supervisory authority over May, Havens, or Horn.

Well-settled Seventh Circuit § 1983 law provides that, "supervisory liability can be

8

established if the conduct causing the constitutional deprivation occurs at the supervisor's direction or with the supervisor's knowledge and consent." Nanda v. Moss, 412 F.3d 836, 842 (7th Cir. 2005) (citations omitted). "'[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. ... The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.'" Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001) (quoting Jones v. City of Chi., 856 F.2d 985, 992-93 (7th Cir. 1988)).

Here, there are no allegations in the amended complaint that either Ms. Bates or Ms. Sourbeer directed any individual to engage in the complained of actions. Plaintiffs instead allege that Ms. Sourbeer "had knowledge or reasonably should have known of actual or potential abuse," that those actions were taken "with the approval and acquiescence" of Ms. Sourbeer, and that, as supervisor of May, Havens, and Horn, she "had actual or constructive control of them, but failed to correct or prevent the wrongful conduct." Am. Compl. ¶¶ 77-80, 82-83, 86-87. Plaintiffs further allege that Ms. Sourbeer and Ms. Bates "knew about the unconstitutional conduct of May, Havens and Horn yet they facilitated it, approved it, condoned it or deliberately ignored it." Id. ¶ 88.

Although the allegations against Ms. Sourbeer are quite formulaic, they contain sufficient facts to satisfy the liberal notice pleading standard. Plaintiffs allege that, as principal of Liberty Elementary, Ms. Sourbeer, acting within her supervisory authority over May, Havens, and Horn, knew of and approved of each of the specific actions those

individual defendants allegedly took in disciplining D.H. and, on multiple occasions, their failure to prevent D.H. from falling. These allegations are sufficient to put Ms. Sourbeer on notice of the actions and conduct for which Plaintiffs seek to hold her liable, and thus, we <u>DENY</u> Defendants' Motion to Dismiss as to the claims against Ms. Sourbeer in her individual capacity.

Plaintiffs have not sufficiently alleged a claim against Ms. Bates, however. Initially, we note that, as an employee of East Central, it is unclear the manner in which she could have exercised supervisory authority over the other individual defendants, who were all employees of Liberty Elementary. Nevertheless, even if we assume she was a supervisor of May, Havens, and Horn, the sole substantive allegation regarding Ms. Bates is a general allegation that she knew about the allegedly unconstitutional conduct and "facilitated it, approved it, condoned it or deliberately ignored it." (Am. Compl. ¶ 88). This allegation amounts to "nothing more than a 'formulaic recitation of the elements,'" (<u>Iqbal</u>, 129 S.Ct. at 1951 (quoting <u>Twombly</u>, 550 U.S. at 555)), of Plaintiffs' claim, and thus, is insufficient to satisfy even the liberal notice pleading standard. Accordingly, we <u>GRANT</u> Defendants' Motion to Dismiss Plaintiffs' claims against Ms. Bates.

**D.      Section 1983 Claims Against East Central Special Services and Union County College Corner Joint School District**

Finally, Defendants move to dismiss Plaintiffs' claims brought pursuant to § 1983

against East Central and the School District.[4]  To assert a § 1983 claim against a

governmental unit, a plaintiff must establish: "'(1) an express policy that, when enforced,

causes a constitutional deprivation; (2) a widespread practice that, although not

authorized by written law or express municipal policy, is so permanent and well settled as

to constitute a custom or usage with the force of law; or (3) an allegation that the

constitutional injury was caused by a person with final policymaking authority.'"  Phelan

v. Cook County, 463 F.3d 773, 789 (7th Cir. 2006) (quoting Roach v. City of Evansville,

111 F.3d 544, 548 (7th Cir. 1997)).

Plaintiffs' sole allegation naming East Central asserts that "D.T.'s constitutional

rights were violated as the result of a custom or policy established by the School, the

District and East Central, all of whom were deliberately indifferent to D.T.'s

constitutional rights."  Am. Compl. ¶ 89.  However, the only substantive factual

allegations in the Amended Complaint relate to the alleged actions of School District

employees and do not implicate East Central.  Beyond this one wholly conclusory

allegation, Plaintiffs have set forth no factual allegations regarding actions taken by the

entity or by an employee with final policymaking authority that would give rise to a

policy or a widespread practice.  Thus, their claim against East Central brought pursuant

---

[4] Although Defendants argue that "any and all claims against East Central Special Services must fail," (Defs. Mem. at 12), the only analysis they set forth in their briefing is in reference to the § 1983 claim.  Because Defendants have utterly failed to develop any arguments with regard to the other claims against East Central, we DENY Defendants' Motion to Dismiss as to all claims against East Central other than those brought pursuant to § 1983.  See United States v. Turcotte, 405 F.3d 515, 536 (7th Cir. 2005) ("In this circuit, unsupported and undeveloped arguments are waived.") (citations omitted).

to § 1983 cannot survive Defendants' motion to dismiss. Accordingly, we <u>GRANT</u>

Defendants' Motion to Dismiss as to that claim.

We turn now to the allegations against the School District. In their Amended

Complaint, Plaintiffs cite no official policy of the School District that allegedly caused

the constitutional deprivation at issue. Instead, Plaintiffs appear to allege that the

complained of behavior amounted to a custom or usage of the School District which

claim can serve as the basis for liability under § 1983. To establish a municipality custom

for purposes of § 1983, "plaintiff must show 'a widespread practice that, although not

authorized by written law or express municipal policy, is so permanent and well settled as

to constitute custom or usage with force of law.'" <u>Montano v. City of Chicago</u>, 535 F.3d

558, 570 (7th Cir. 2008) (quoting <u>Gable v. City of Chicago</u>, 296 F.3d 531, 537 (7th Cir.

2002)).

Defendants argue that, even assuming all facts are true, as we are required to do at

this stage of the proceedings, the incidents that Plaintiffs allege occurred were neither

widespread nor continuous, and thus cannot, as a matter of law, constitute a custom or

usage for purposes of § 1983. We agree. The Amended Complaint describes alleged

actions that occurred on six different days over roughly a three-week time period (from

September 11, 2008 to October 1, 2008), involving only three employees and one student.

These allegations, even if true, do not constitute conduct that is either sufficiently

pervasive or continuous to be considered "so permanent and well settled as to constitute

custom or usage with force of law." <u>Id.</u> Accordingly, we <u>GRANT</u> Defendants' Motion to

Dismiss Plaintiffs' § 1983 claim against the School District.

## III. Conclusion

For the reasons detailed in this entry, we <u>GRANT</u> Defendants' Motion to Dismiss as to the official capacity claims against the individual defendants, the individual capacity claims against Ms. Bates, and the § 1983 claims brought against East Central and the School District. We <u>DENY</u> Defendants' Motion to Dismiss as to the individual capacity § 1983 claim against Ms. Sourbeer. Because Plaintiffs concede that Liberty Elementary is no longer a named defendant in this action, we <u>DENY AS MOOT</u> Defendants' Motion to Dismiss that non-party.

IT IS SO ORDERED.


Date: _____03/03/2011_____

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

William M. Berish
MEILS THOMPSON DIETZ & BERISH
wberish@meilsattorney.com

Thomas W. Blessing
FRAZIER & ASSOCIATES
tom@frazierlaw.net

Ronald William Frazier
FRAZIER & ASSOCIATES
ron@frazierlaw.net

Rick D. Meils
MEILS THOMPSON DIETZ & BERISH
rmeils@meilsattorney.com

John W. Mervilde
MEILS THOMPSON DIETZ & BERISH
jmervilde@meilsattorney.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com